IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH EUGENE HOGAN                  )  |   |
|                                                                 )  |   |
|         Petitioner,                                      )  |   |
|                                                                 )  |   |
| vs.                                                          )  | Case No. CIV-07-727-R |
|                                                                 )  |   |
| MARTY SIRMONS, Warden,             )  |   |
|         Oklahoma State Penitentiary,        )  |   |
|                                                                 )  |   |
|         Respondent.                                   )  |   |

**O R D E R**

Before the Court are Petitioner's *Motion for Abeyance and Modification of Scheduling Order* and Petitioner's *Motion for Discovery*. In his Motion for Abeyance, Petitioner requests the Court hold this habeas proceeding in abeyance pending the Oklahoma Court of Criminal Appeals' (OCCA) disposition of his Second Application for Post-Conviction Relief.[1] In addition, Petitioner requests that the Court strike or modify the case management order to be reset once the abeyance has been lifted. Petitioner informs the Court that Respondent opposes the Motion for Abeyance. Respondent, however, did not file an objection or response with this Court.

In his Motion for Discovery, Petitioner seeks to discover any information known to the Oklahoma County District Court Judge and/or her employees or agents, and the Oklahoma County Court Clerk's Office, regarding any communications with members of his

---

[1] Petitioner states that his Second Application for Post-Conviction relief was filed with the OCCA on March 13, 2008.

jury. Petitioner states the discovery of this information is necessary to support his habeas claim of ineffective assistance of counsel - the claim Petitioner has raised with the OCCA in his Second Application for Post-Conviction relief.

Petitioner concedes that his Petition for Writ of Habeas Corpus, filed on March 4, 2008, is a mixed petition containing both exhausted and unexhausted claims. In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court addressed stay and abeyance of mixed habeas corpus petitions. The Supreme Court stated:

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

Id. at 278.

The unexhausted claims raised by Petitioner in his Petition are claims of ineffective assistance of counsel during both stages of trial. Petitioner has demonstrated good cause for his failure to exhaust these claims in state court, and the claims appear potentially meritorious and not frivolous. There does not appear to be any indication that Petitioner has engaged in intentionally dilatory tactics or is purely an effort to delay the execution of his death sentence. Stay and abeyance of this case would be in the best interest of comity and federalism, and could preserve judicial time and resources should the OCCA determine that relief of Petitioner's claims are warranted.

ACCORDINGLY, the Court finds that a stay and abeyance of this habeas proceeding is appropriate during the pendency of Petitioner's state court proceedings on his Second Application for Post-Conviction relief. Petitioner's *Motion for Abeyance and Modification*

*of Scheduling Order* (Dkt. No. 19) is GRANTED.  This case is held in abeyance effective immediately upon the filing of this Order.  The parties are directed to jointly file status reports every forty-five (45) days informing the Court of the status of the state court proceeding.  The parties are further directed to notify the Court through a joint motion to lift the stay and abeyance and request a new scheduling order within ten (10) days of the Oklahoma Court of Criminal Appeals' disposition of Petitioner's Second Post-Conviction Application.  Due to the Court's determination that Petitioner's Motion for Abeyance should be granted, the Court finds that Petitioner's Motion for Discovery is not appropriate at this time based on the current procedural status of this case.  ACCORDINGLY, Petitioner's Motion for Discovery (Dkt. No. 18) is DENIED WITHOUT PREJUDICE to Petitioner's re-filing upon reactivation of this case to active status.

   IT IS SO ORDERED this 30th day of April, 2008.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE